IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JUAN A. GOMEZ-MORENO,**

        **Petitioner,**

v.                                             **Case No. 1:23-cv-00335**

**WARDEN, FCI McDowell**

        **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Petitioner's *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), and Respondent's Motion to Dismiss. (ECF No. 7). This matter is assigned to the Honorable David A. Faber, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Motion to Dismiss be **GRANTED**; the petition be **DENIED**, as it is moot; this action be **DISMISSED** and **REMOVED** from the docket of the Court.

**I.**      **Relevant History**

On April 17, 2023, Juan A. Gomez-Moreno filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, (ECF No. 1), challenging the Federal Bureau of Prison's ("BOP") calculation of his earned time credits under the First Step Act ("FSA"). Gomez-Moreno indicated that the BOP was wrongfully withholding one year of credits against his

1

sentence based upon his immigration status. (ECF No. 1 at 2). According to Gomez-Moreno, if granted the credits, his release date would be in May 2023 rather than May 2024 as currently scheduled. (*Id.* at 2; ECF No. 1-1). Gomez-Moreno asks the Court for an order compelling the BOP to give him "the full one-year sentence credits, post [his] new 'out' date on the BOP website, and continue to calculate accruing FSA credits as accrued to halfway house or home confinement." (*Id.* at 8).

The Warden was ordered to file a response to the petition, (ECF No. 4), which was done on June 1, 2023. (ECF No. 7). The Warden argued that the habeas petition should be dismissed, because it was now moot. The Warden explained that Gomez-Moreno had been released from custody and had not demonstrated any collateral consequences related to the underlying proceeding. Consequently, as no live case or controversy remained, dismissal of the action was required. Gomez-Moreno was given an opportunity to reply to the Warden's argument, but the Order instructing him to do so was returned as undeliverable. (ECF Nos. 8, 9). Records confirm that Gomez-Moreno was released from custody on May 19, 2023; however, he failed to provide the Clerk of Court with an updated address. (ECF No. 9). *See* www.bop.gov/inmateloc/ (last accessed July 12, 2023).

**II.   Discussion**

"The doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction, which extends only to actual cases or controversaries." *Fleet Feet, Inc., v. NIKE, Inc.*, 986 F.3d 458, 463 (4th Cir. 2021). Because mootness is jurisdictional, the court must consider it even when no party has raised the issue. *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018). "To be justiciable under Article III of the Constitution, the conflict between the litigants must present a 'case or controversy' both at the time the lawsuit is filed and at the time it is decided. If intervening factual … events effectively

dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983); *also Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (citations omitted) ("The requisite personal interest that must exist at the commencement of the litigation … must continue throughout its existence."). In other words, a case no longer presents a actionable controversy—and thus becomes moot—when it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Service Employees*, 567 U.S. 298, 307 (2012)).

The federal habeas corpus statute requires an individual to be "in custody" at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Without that condition precedent, the court lacks subject matter jurisdiction over the habeas proceeding. Although the individual's subsequent release will not itself deprive the court of its jurisdiction, "[t]he question of mootness is separate and distinct" from the "in custody" requirement. *Id.* Generally, the transfer or release of a prisoner renders moot any claims for injunctive or declaratory relief. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009); *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007). As such, when a federal prisoner files a habeas corpus petition seeking an earlier release from incarceration, his supervening release may render the petition moot, because there is no longer a justiciable controversy.

Gomez-Moreno requested the application of FSA time credits against his sentence; thus, leading to an expedited release from custody. According to the BOP inmate locater, Gomez-Moreno received the earned time credits he sought and has since been released. Consequently, the undersigned **FINDS** that Gomez-Moreno obtained the relief he requested in his petition, rendering the petition moot and subject to dismissal.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234 (1968)). For example:

> [w]here the criminal conviction … results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, (1975)). The party advocating for the exception to the mootness doctrine bears the burden of demonstrating that the exception applies. *Incumaa,* 507 F.3d at 289 (citing *Brooks v. Vassar,* 462 F.3d 341, 348 (4th Cir. 2006)).

The undersigned **FINDS** that Gomez-Moreno's petition cannot satisfy either exception to mootness. He does not meet the first exception, because he does not challenge his conviction or sentence. "Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant." *Maultsby v. Rickard*, No. 1:17-CV-04612, 2018 WL 4289648, at *2

(S.D.W. Va. June 29, 2018), *report and recommendation adopted*, No. CV 1:17-04612, 2018 WL 4291740 (S.D.W. Va. Sept. 6, 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)); *also Lane v. Williams,* 455 U.S. 624, 631, (1982). Gomez-Moreno likewise is unable to meet the second exception to the mootness doctrine, because the issue he raised did not *evade* review. To the contrary, he received the relief he requested, simply rendering review unnecessary. Moreover, Gomez-Moreno cannot demonstrate a reasonable expectation that he will return to FCI McDowell and face the same alleged wrongdoing. "Mere conjecture ... that the prisoner may return to the first prison and again face the alleged wrong is not sufficient to meet the mootness exception." *Herrera v. Finan,* 709 Fed. Appx. 741, 745-46 (4th Cir. 2017) (citing *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 283 (2001)); *Owens v. FCI Beckley*, No. 5:12-CV-03620, 2013 WL 4519803, at *7 (S.D.W. Va. Aug. 27, 2013) (citing *Higgason v. Farley,* 83 F.3d 807, 810 (7th Cir. 1996)). Consequently, given Gomez-Moreno's exit from FCI McDowell, and in the absence of a demonstrated probability that he will return to that facility, his petition in this Court is moot, and neither exception to the mootness doctrine applies.

Therefore, the undersigned **FINDS** that (1) Petitioner's release from custody renders his habeas petition moot and (2) no exception to the mootness doctrine applies in this case.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the presiding District Judge confirm and accept the foregoing findings and **RECOMMENDS** the Motion to Dismiss, (ECF No. 7), be **GRANTED**; the Petition for a Writ of Habeas Corpus, (ECF No. 1), be **DENIED**, as moot, and this action be **DISMISSED** and **REMOVED** from the docket of the Court.

The parties are is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown. Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and counsel of record.

**FILED:** July 12, 2023

Cheryl A. Eifert
United States Magistrate Judge